CITY OF WICHITA FALLS ET AL. V. CONTINENTAL OIL COMPANY.

No. 4945. Decided January 18, 1928.

(1 S. W., 2nd Series, 596).

*W. E. George* and *Weeks, Morrow, Francis & Hankerson,* for appellants.

We believe that if the court will review the authorities herein referred to and cited, it will arrive at the conclusion that the Wichita Falls ordinance which covers this particular case is a valid legislative enactment and that the Continental Oil Company has no right to disregard the inhibition imposed thereby. Village of Euclid v. Ambler Realty Co., 272 U. S., 365, 47 Sup. Ct. Rep., 1140, 71 L. Ed., 172; State ex rel. Lane v. Fleming, 225 Pac. 647, 129 Wash., 646, 34 A. L. R., 500; Slaughter v. Post, 282 S. W., 1091, 214 Ky., 175; Zahn et al. v. Board of Public Works of the City of Los Angeles, U. S. Sup. Ct. Adv. Op., June 1, 1927, p. 44, 71 L. Ed., 704; Spencer-Sturla Co. v. City of Memphis, 290 S. W., 608 (Tenn.); Brett v. Building Commissioner of Brookline, 250 Mass., 73, 145 N. W., 269; Miller v. Board of Public Works, 234 Pac., 381, 38 A. L. R., 1479; State ex rel. Carter v. Harper, 182 Wis., 148, 196 N. W., 451, 33 A. L. R., 269; Ware v. City of Wichita, 113 Kan., 153, 214 Pac., 99; City of Aurora v. Burns, 319 Ill., 84; State v. City of New Orleans, 97 So., 440, 154 La., 231; Opinion of the Justices, 234 Mass., 597, 127 N. E., 525; Franklin Contracting Co. v. Deter, 122 Atl. 600; State v. Houghton, 176 N. W., 159 (Minn.); Kroner v. City of Portland (Ore.), 240 Pac., 536; Welch v. Swasey, 214 U. S., 91, 53 L. Ed., 923, 29 Sup. Ct. Rep.,

567; Barber v. Connolly, 113 U. S., 27; Reinman v. Little Rock, 237 U. S., 171, 59 L. Ed., 900; Schait v. Senior, 117 Atl., 517 (New Jersey); Halsell v. Ferguson, 109 Texas, 144, 202 S. W., 317; Xydias Amusement Co. v. City of Houston (Civ. App.), 185 S. W., 415; Des Moines v. Manhattan Oil Co. (Iowa), 184 N. W., 823; Lincoln Trust Co. v. William Bldg. Corp., 229 N. W., 313, 128 N. E., 209; Gorieh v. Fox, Members of the City Council of Roanoke, Va., U. S. Sup. Ct. Adv. Op., June 15, 1927, 71 L. Ed., 773; Weiss v. Guion, 17 Fed. (2nd), 202; Northern Cedar Co. v. French, 131 Wash., 394, 230 Pac., 837; State v. Barkley, 192 N. C., 184, 134 S. E., 454; Aesthetic Zoning Regulations (Newman F. Baker), Michigan Law Review, Deecmber, 1926; State ex rel. Berry v. Houghton (Minn.), 204 N. W., 569; Cayce v. City of Hopkinsville, 289 S. W., 223, 217 Ky., 135; Greenstein v. Bigelow (N. J. Supp.), 135 Atl., 661; Appeal of Ward, 137 Atl., 630 (Pa.); Village of Western Springs v. Bernhagen, 156 N. E., 153 (Ill.); Tomassi v. City of San Antonio, 268 S. W., 273; City of Little Rock v. Pfeifer, 277 S. W., 883, 169 Ark., 1027; Huddleston v. Burnett (Ark), 287 S. W., 1013; McPherson v. First Presbyterian Church of Woodward, 248 Pac., 561; Lewis v. Berney, 230 S. W., 246; The Law of City Planning and Zoning, by F. B. Williams (1923); Constitution of the State of Texas, Art. 11, Sec. 5; Vernon's Ann. Tex. Stats., Vol. 2; Art. 1175, Sub. 26 (Acts of 1921, p. 169); Art. 1165 (Acts of 1913, p. 307).

The City of Wichita Falls, in the exercise of its powers as a municipal corporation, is not the creature of legislative enactment. It secures its charter powers direct from the sovereign people by virtue of Article 11, Section 5 of the Constitution of the State of Texas. In this respect the power of its Board of Aldermen, as reflected by its charter, is essentially different from that exercised by the Board of Aldermen of the City of Dallas. On November 5, 1912, the sovereign people of Texas adopted Section 5, Article 11 of the Texas Constitution, which provides that cities of more than five thousand inhabitants by a majority vote could adopt a charter, subject to such limitations as might be prescribed by the Legislature, and provided that no charter, or any ordinance passed under said charter, shall contain any provision inconsistent with the Constitution of the State of Texas or the general laws enacted by the Legislature of this State.

This constitutional amendment gave the citizens of Wichita Falls the right to confer upon their Board of Aldermen any powers they

desire with two restrictions only,—(a) that no charter provision or ordinance be inconsistent with the Constitution of the State; or (b) conflicting with any *general laws* enacted by the Legislature of this State.

Regardless of the view that the Court may entertain as to the validity of the Wichita Falls Ordinance, the Court should reverse and render this case in favor of appellants, because the testimony clearly shows that the proposed filling station would constitute a nuisance. Lewis v. Berney, 230 S. W., 246; McPherson v. First Presbyterian Church of Woodward, 246 Pac., 561; Huddleston v. Burnett, 287 S. W., 1013; Voss v. Butler, 19 N. J. Eq., 294, 97 Am. Dec., 654; Lumber Co. v. Sharp, 92 Ark., 538, 123 S. W., 370; Jung v. Neraz, 71 Texas, 398, 9 S. W., 344; Waters-Pierce Co. v. Cook, 26 S. W., 97; Prendergast v. Walls, 101 Atl., 826, 257 Pa., 547; Hohl v. Modell, 107 Atl., 885, 264 Pa., 516; People ex rel Bushing v. Ericsson, 105 N. E., 315, 263 Ill., 368, L. R. A., 1915-D, 607, Ann. Cas. 1915-C, 183; National Refining Company v. Batte, 100 So., 388, 135 Miss., 819, 35 A. L. R., 91; Blashfield Cyc. of Automobile Law Annotated (Vernon Law Book Company, 1927 Ed.), Vol. 3, pp. 2677 to 2681, inc.

*W. B. Hamilton, G. R. Pate* and *W. E. Whightsel,* for appellee.

Since the so-called "Home Rule Amendment," Section 5, Article 11, of the Constitution of Texas was adopted in 1912, the Supreme Court of Texas has declared that the Bill of Rights embodied in the Constitution of Texas forbids municipal corporations from adopting valid zoning ordinances such as the one adopted by the City of Wichita Falls and here involved. Spann v. City of Dallas, 111 Texas, 350; City of Dallas v. Burns, 250 S. W., 717; City of Dallas v. McElroy, 254 S. W., 599; City of Dallas v. Mitchell, 245 S. W., 944; City of Texarkana v. Reagan, 247 S. W., 816; C. J., Vol. 12, p. 710, Sec. 63; Liberty Annex Corporation v. City of Dallas, 289 S. W., 1067; Crossman v. City of Galveston, 247 S. W., 819; Marshall v. City of Dallas, 253 S. W., 887.

The Constitutional Amendment, Section 5, Article 11 of 1912, conferred no new or additional governmental powers upon municipal corporations but it merely transferred the power to adopt and amend charters, and to dissolve such corporations from the Legislature, by special enactment, to the legal voters of such cities. City of Beaumont v. Fall, 291 S. W., 202; 12 C. J., 710, Sec. 63; Pye v. Patterson, 45 Texas, 312; Yates v. Milwaukee, 10 Wall., 497; Yett v. Cook, 115 Texas, 205.

Mr. Judge SPEER delivered the opinion of the Commission of Appeals, Section B.

This case is before us upon a certified question from the Chief Justice of the Court of Civil Appeals for the Seventh District, as follows:

"This is a suit by the City of Wichita Falls, Texas, and certain citizens of that City, as plaintiffs, against The Continental Oil Company of Texas, as defendant, to enjoin the defendant from erecting and maintaining an oil and gas filling station on certain lots in said City.

"A temporary writ of injunction was granted. The case was thereafter tried on its merits and judgment was rendered by the trial court dissolving the temporary injunction, denying the plaintiffs the relief prayed for and also enjoining the plaintiffs from interfering in any manner with the defendant in the erection and operation of such service oil and gas station.

"Plaintiffs plead two grounds upon which they assert their right to relief—the first ground being the only one which involved the question we certify to your Honors.

"The City of Wichita Falls, Texas, is a municipal corporation, established by a charter adopted and approved by the voters of the City of Wichita Falls, Texas, under the 'Home Rule' Amendment, Section 5, Article 11, of the Constitution of Texas.

"The following ordinance was thereafter duly enacted by the Board of Aldermen of said City, to-wit: (A full copy of the ordinance referred to is then set out.)

"Thereafter the defendant Oil Company made application for a permit to erect an oil and gas service station and to conduct a retail oil and gas business on the above named premises, which permit, after due hearing, was, by the Board of Aldermen denied. The defendant thereupon appealed from such decision to the Board of Appeals of Review created by said ordinance, and, on hearing, said Board of Appeals again denied such permit to defendant. The defendant then proceeded with the erection of its oil and gas filling station, and the plaintiffs filed this suit to restrain it from the erection and operation of same.

"The 'Home Rule' Amendment provides that a municipal corporation has the power and authority to pass any ordinance which is not inconsistent with the Constitution or with the general laws enacted by the Legislature.

"The case of Spann v. City of Dallas, 235 S. W., p. 513, holds that an ordinance passed by the municipal corporation of Dallas, acting under a charter granted it by the Legislature of Texas, was void because not in harmony with the Bill of Rights of our State Constitution. The charter here in question is one that was adopted by the voters of the City of Wichita Falls, by authority of the said 'Home Rule' Amendment.

"In view of the different origins of the charter considered in the Spann case, and of the charter in the case at bar, we certify to your Honors the following questions:

"First. Is the holding of your Honorable Court in the Spann case applicable to an ordinance passed by a municipal corporation created under and by virtue of the 'Home Rule' Amendment?

"Second. If not, then is the ordinance in question, in this case, void, because inconsistent with the Bill of Rights in our State Constitution?"

Section 5, Article 11 of the State Constitution, commonly known as the Home Rule Amendment, provides:

"Cities having more than five thousand (5,000) inhabitants may by a majority vote of the qualified voters of said city at an election held for that purpose adopt or amend their charters subject to such limitations as may be prescribed by the Legislature, and provided that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State or of the general laws enacted by the Legislature of this State. * * *"

The convenience and directness of this method of city government is obvious, and these considerations constitute the primary purpose of the amendment. But it is perfectly apparent that cities thus adopting or amending their charters under this provision, are yet doing so in direct obedience to the mandates of the Constitution, and are as much subject to its provisions as are cities chartered under general law or otherwise. Indeed, the amendment itself declares that no charter or any ordinance passed under said charter in pursuance of such amendment "shall contain any provision inconsistent with the Constitution of the State." Without such express provision doubtless the same effect would have followed, but the matter is made doubly sure by this express limitation of power. The power thus conferred upon Home Rule cities is akin to the powers conferred upon the legislative branch of the State government. They are supreme within their own sphere, but subject at all times to all

constitutional limitations of power in protection of persons and property. Such a city would have no more power to transcend the limitations of the fundamental law than would the Legislature.

The case of Spann v. City of Dallas, 111 Texas, 350, 235 S. W., 513, referred to in the certificate, passed upon the validity of an ordinance of the City of Dallas acting under a charter granted directly by the Legislature of the State. But, the decision was not made to turn upon any consideration of that point, and would have been the same had the City of Dallas been chartered and operating under the express authority of the Home Rule Amendment. The matter of origin of the charter in any case is of no importance in determining the city's power to pass an ordinance in violation of a constitutional limitation.

. So that, the first question certified should be answered in the affirmative, and this makes it unnecessary to answer the second question.

Of course, we are not deciding that the decision in the Spann case is decisive of the validity of the ordinance in the present case, for no such question is before us. The ordinance involved in the Spann case and that involved in the present case and the facts of the two cases are different in very substantial respects, and these differences will enter into the final consideration of the validity of the ordinance in the present case. The effect of our answer merely is, that the decision of the question of the validity of the ordinance is not to be affected by the origin of the charter under the Home Rule Amendment.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.